Paul A. Fino, Sr., J.
Motion by the plaintiff for an order directing the defendant’s attorneys to withdraw from the within action on the ground that said attorneys are in violation of their authority is disposed of as hereinafter indicated.
Defendant herein is represented by the Morrisania Legal Services (Bronx Legal Services Corporation A), hereinafter referred to as “ Corp.” Plaintiff’s contention is that the defendant’s attorneys have exceeded the authority conferred upon “ Corp.” in paragraph (f) of page 6 of its enabling order from the Appellate Division by representing the defendant whose annual income exceeds $10,000.
Paragraph (f) reads as follows: “ (f) The Corporation shall apply for individuals a prima facie standard of indigency of a maximum net income of $3,000 per year for a single individual, $3,500 for a family of two, and $500 more for each additional dependent. Additional factors may be taken into consideration including but not limited to, assets, current indebtedness, recent illness, unemployment or unemployability and projected cost of *732 legal services needed, community action toe. legal seevtces, inc., may modify these standards based on experience, upon approval from the New York City Council Against Poverty and the United States Office of Economic Opportunity ’ ’.
Plaintiff is actually claiming that “ Corp.” has committed an ultra vires act by appearing for the defendant in this action. Section 26 of the Membership Corporations Law which governs “ Corp.” states that only members or creditors of the corporation may petition the Supreme Court to investigate whether an ultra vires act had been committed. Movant herein is neither a member nor creditor of the corporation. Accordingly, plaintiff has no standing to make the instant application, and the motion is denied.