**Alexander STAVRIDES et al., Plaintiffs,**

**v.**

**MELLON NATIONAL BANK & TRUST COMPANY et al., Defendants.**

Civ. A. No. 72-242.

United States District Court,
W. D. Pennsylvania.

Oct. 17, 1973.

Alexander Black, Liaison Counsel, Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, Pa., for defendant.

J. Tomlinson Fort, and James J. Restivo, Jr., Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant Mellon Bank.

Michael Malakoff, Pittsburgh, Pa., James H. Joseph, Pittsburgh, Pa., for plaintiff.

## MEMORANDUM and ORDER

McCUNE, District Judge.

We are squarely presented with the question whether and under what circumstances the defendants in a class action suit may attempt in discovery to determine whether the plaintiffs' counsel have engaged in unethical activities in the initiation and conduct of the suit when the defendants contend that ethical misconduct, if found, is relevant to the issue of whether the plaintiffs' class action motion should be granted.[1]

This suit was brought by eighteen named plaintiffs as representatives of a putative class against all lending institutions in the four-county Pittsburgh, Pennsylvania Standard Metropolitan Statistical Area which use certain accounting methods in connection with their home mortgage loans.

On January 4, 1973, we dismissed one of the three antitrust counts of the complaint, all three Truth-in-Lending counts, and all three pendent jurisdiction counts.[2]

On May 3, 1973, we entered an order granting plaintiffs' motion for final judgment as to the dismissed counts pursuant to Rule 54(b), Fed.R.Civ.P., so that an appeal of our January 4, 1973 order could be taken.

In the meantime discovery has proceeded in accordance with the guidelines we set on February 4, 1973. Among other topics, we said discovery should proceed on "Whether or not the potential plaintiffs who have been alleged to number some 300,000 people should be joined as a class and whether a class action should be certified."

On June 18, 1973, plaintiff Alexander Stavrides appeared for a deposition noticed by defendant Mellon Bank. During the deposition certain questions were asked which Mellon Bank contends were "designed to elicit facts concerning the circumstances under which they (Dr. and Mrs. Stavrides) decided to commence this action as representatives of a class, and the methods by which this action is being financed, with particular reference to financial arrangements with their counsel." (Mellon Bank brief, p. 1.). Plaintiff's counsel instructed Dr. Stavrides not to answer the questions and objected to them on the grounds that they were irrelevant and the subject matter was protected by the attorney-client privilege.

The deposition was adjourned and counsel met with the court in an attempt to resolve the impasse. We directed counsel to continue the deposition and develop a complete record of questions and objections.

On June 19, 1973, the deposition of Alexander Stavrides was completed and that of his wife, Marcia, was taken. Plaintiffs' counsel continued to object to

---

1. This opinion should be interpreted in no way whatsoever as a finding by the court of unethical conduct on the part of any attorney who is or has been involved in or associated with this litigation.

2. Our opinion and order is reported at 353 F.Supp. 1072.

the questions and directed his clients not to answer.

Mellon Bank has now filed a motion under Rule 37, Fed.R.Civ.P., to compel answers to the questions.

The starting point in the analysis of any discovery dispute must be Rule 26(b) which defines the scope of discovery.

The rule provides that parties may seek information "which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense." [2A]

■ Mellon Bank has propounded these questions to elicit information about the propriety of this suit proceeding as a class action. We think that the question whether the plaintiffs should be permitted to proceed as a class is an issue within the phrase "subject matter involved in the pending action." It is apparent that in suits where great numbers of people assert relatively small claims that the court's decision on the plaintiffs' motion to declare a class is often of decisive effect on the remaining course of the litigation. It may literally make or break the suit. Obviously, this is a matter of great importance to defense.

The issue then becomes whether questions which seek to establish unethical conduct by plaintiffs' counsel are relevant to the question of whether the class should be declared. Put another way, if defense counsel do discover unethical conduct can that fact properly be used as a basis for an argument seeking denial of class action status?

Although the cases on this subject are not legion, it is apparent that unethical conduct by plaintiffs' counsel may result in a denial of the class action motion. Korn v. Franchard Corp., C.C.H.Fed. Sec.Law Rptr. ¶ 92,845 (S.D.N.Y.1970).[3] Taub v. Glickman, 14 F.R.Serv.2d 847 (S.D.N.Y.1970); Simon v. Merill, Lynch, Pierce, Fenner & Smith, Inc., 16 F.R. Serv.2d 1021 (N.D.Tex.1972).

■ These cases stand for the proposition that class action status should be denied where counsel's unethical conduct has been or is prejudicial to the interests of the class, or results in creating a conflict of interest between the attorney and the class and the attorney is, there-

**2A.** Rule 26(b)(1).

"In General. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

**3.** In Korn v. Franchard Corp., C.C.H.Fed. Sec. Law Rptr. ¶ 92,845 (S.D.N.Y.1970), the class was decertified because of two factors. The first was an evaluation of the returned claimproofs. The second, and "equally important" factor, was the conduct of the plaintiffs' attorney. The court held that he had acted improperly in using the notice mailing list to secretly communicate with the class members about a completely different lawsuit in an attempt to stir up litigation and he, therefore, would not fairly and adequately protect the interests of the class.

On appeal the lower court decision was reversed partly because there was "a significant operative change since the ruling below. The former attorney . . . has withdrawn from all connection with or participation in the litigation." 456 F.2d 1206, 1208 (2nd Cir. 1972).

The same attorney also represented the plaintiffs in Taub v. Glickman, 14 F.R.Serv. 2d 847 (S.D.N.Y.1970). In denying the plaintiffs' motion for class action status the trial judge there said "Finally, it must be noted that plaintiffs' attorneys have recently been criticized for conduct that would at least seem to be of questionable propriety (in) Korn v. Franchard. . . ."

fore, obviously unable to protect the interests of the class.

We think that these cases are correct and that it is proper for courts to consider the ethical conduct of plaintiffs' counsel in deciding whether to certify a class. As the Third Circuit pointed out in Greenfield v. Villager Industries, Inc., 483 F.2d 824 (3rd Cir., filed June 21, 1973) there is a unique relationship between the plaintiffs' counsel and the members of the class:

"  . . .  in addition to the normal obligations of an officer of the court, and as counsel to parties to the litigation, class action counsel possess, in a very real sense, fiduciary obligation to those not before the court." [4]

In assessing the ability of the plaintiffs' counsel to carry out his fiduciary duties to absent class members we think the court should use its "broad administrative, as well as adjudicative, power" as "guardian of the rights of the absentees" [5] to see that the absentees are represented by counsel who is ethically as well as intellectually competent to represent them.[6]

Accordingly, we think that defense counsel may inquire into the professional conduct of plaintiffs' counsel to attempt to discover disabling breaches of the Code of Professional Responsibility which would prevent plaintiffs' counsel from "vigorously and forthrightly taking up the cause of the class they seek to represent." [7]

It is apparent from the questions asked by defense counsel that they were seeking to discover if two types of misconduct had occurred: solicitation and maintenance. Those questions that appear reasonably calculated to lead to the discovery of information on those two subjects we will order answered.

Defense counsel have listed in their motion to compel discovery the questions that evoked objections and went unanswered. Based on that list, we order the following questions answered by plaintiff Alexander Stavrides:

"Q.  Did you ask him (Attorney Raphael) to institute suit for you?

A.  I authorized him; yes, sir.

Q.  Did he ask you for such authorization?

  *    *    *    *    *    *

Q.  Did Attorney Raphael request such authorization to use your name on a complaint from you at that time?

  *    *    *    *    *    *

Q.  Did he tell you about a class action filed in this area relating to this practice?

A.  Yes.

Q.  Did you tell him then that you wanted to be a part of that action?

A.  Yes. I gave him my permission.

4.  "Experience teaches that it is counsel for the class representatives, and not the named parties, who direct and manage these actions. Every experienced federal judge knows that any statement to the contrary is sheer sophistry." Greenfield v. Villager Industries, Inc., footnote 9, 483 F.2d p. 832.

5.  Greenfield v. Villager Industries, Inc., supra, 483 F.2d at p. 832.

6.  We should note here that we recognize the characteristics of the class action which lead to its abuse through solicitation and maintenance. Consequently, we intend to very vigorously assert our "broad administrative, as well as adjudicative power" to assure ourselves that there is no ethical misconduct involved here before granting class status. We may during the course of the litigation, and most certainly will if it is settled, use the powers inherent in our fiduciary obligation to the class to examine the employment contract between counsel and the named plaintiffs and to audit carefully counsel's financial records as they relate to this case to assure ourselves that the fiduciary obligation between plaintiffs' counsel and the class has not been violated.

7.  Taub v. Glickman, supra, 14 F.R.Serv.2d, at 849.

Q. Did he ask if you wanted to be a part of that action?

\* \* \* \* \* \*

Q. You did not have a written contract with any of your attorneys. This is a verbal authorization; is that correct?

A. Yes.

Q. Have you agreed to pay your attorneys' legal fees for the work that they perform for you?

\* \* \* \* \* \*

Q. Dr. Stavrides, have you agreed to pay the legal costs involved in this suit if there should be any?

\* \* \* \* \* \*

Q. Dr. Stavrides, have you agreed to reimburse your attorneys any legal costs they might incur in the prosecution of this action?

\* \* \* \* \* \*

Q. Dr. Stavrides, have you been told that you may be required to pay the cost involved in the prosecution of this action?"

By plaintiff Marcia M. Stavrides:

"Q. Do you have an agreement with your attorney to repay any court costs?

\* \* \* \* \* \*

Q. Could you tell me the first time when this question of cost of the lawsuit ever arose or was ever discussed?"

\* \* \* \* \* \*

The remaining questions, which we do not order answered, do not appear to us to be reasonably calculated to lead to the discovery of relevant information.

Accordingly, Mellon Bank's motion to compel answers to questions propounded upon oral examination is granted as to the specific questions enumerated in this opinion.

Mellon Bank's request for an award of its costs and expenses in bringing this motion is denied.