In the Matter of GEORGE H. GETMAN, Respondent, *v.* MOHAWK VALLEY NURSING HOME, INC., Appellant.

Fourth Department, May 16, 1974.

*Philip D. O'Donnell* for appellant.

*Getman, Spellman & La Raia* (*George H. Getman* of counsel), for respondent.

WITMER, J. P. Mohawk Valley Nursing Home, Inc. appeals from an order of Special Term directing it to permit George H. Getman, petitioner, to examine the minutes of the proceedings of its members since its incorporation, the by-laws, the minutes of the board of managers, and the record of its members, and to make copies thereof, and it also appeals from an order denying its motion to dismiss the petition.

Pursuant to article 28-A of the Public Health Law appellant was incorporated in 1969, the members of the board of managers of the Mohawk Valley General Hospital signing the certificate of incorporation. Its stated purposes are to provide nursing home accommodations for sick and invalid persons of low income, and to this end to acquire and operate nursing home facilities pursuant to the Public Health Law. Appellant's by-laws provide that membership in it "shall be open to all who are serving as managers of the Mohawk Valley General Hospital as appointed by the Supervisors of the Townships of

Frankfort or German Flatts, County of Herkimer ''. In 1970 appellant's certificate of incorporation was amended under the Not-For-Profit Corporation Law.

Mohawk Valley General Hospital, under a different name, was organized years ago to serve the Herkimer County area, and in about the year 1950 its management and principal support was taken over by the Towns of Frankfort and German Flatts in that county, pursuant to section 126 *et seq.* of the General Municipal Law. In accordance with that law (§ 127) the supervisors of said towns appointed a board of managers of the hospital. The board of managers are required (§ 128, subd. 7) to keep a proper record of the hospital's proceedings, '' which shall be open at all times to the inspection of the members, of the members of the governing board and of duly authorized representatives of the state board of charities.'' Section 133 of that law provides that members of the board of managers '' shall be admitted to every part of the hospital and premises, and shall have access to all books, papers, accounts and records pertaining to the hospital '' and that the hospital '' shall be subject to inspection by any duly authorized representative of the state board of charities, of the state department of health * * * and of the governing board of the county, town * * * by which the hospital is maintained; and * * * [be subject to such inspection as] to all records, reports, books, papers and accounts pertaining to the hospital ''. In 1967 and 1968 the Towns of Frankfort and German Flatts and the Mohawk Valley General Hospital conveyed real property to appellant for the purposes of establishing a nursing home adjacent to the hospital, and such was established.

By chapter 373 of the Laws of 1969 the Legislature authorized the Towns of Frankfort and German Flatts to enter into a contract with appellant Mohawk Valley Nursing Home, Inc. for the furnishing by the hospital to the home, constructed and owned by the latter, '' complete management and operational services, including the furnishing of all supplies and personal services, whether custodial, medical, nursing or other, necessary to such management and operation. Such agreement shall provide for the payment of a fair and adequate consideration to the Mohawk Valley General Hospital for all services rendered pursuant thereto ''. Pursuant to the authorization of that act, the Towns of Frankfort and German Flatts entered into a contract with appellant nursing home for the Mohawk Valley General Hospital to supply such services to the home; and the hospital and nursing home have since been operated under that agreement.

In the years 1970–1972 petitioner made annual charitable contributions to the appellant nursing home in the sum of $100 each. In the summer of 1973 his request for the privilege of inspecting the books and records of appellant was denied. He thereupon petitioned Special Term for an order authorizing such inspection, asserting that as a resident and taxpayer of the Town of German Flatts and as a contributor to the nursing home he was entitled to examine such records. The home appeals from the order granting his petition.

Special Term rested its determination on the provisions of the Not-For-Profit Corporation Law which authorize the Supreme Court or its appointee to inspect the records of certain corporations (§§ 114 and 621, subd. [f]). We think that the court misconstrued the meaning of those sections.

Section 621 of the Not-For-Profit Corporation Law, just as section 624 of the Business Corporation Law, makes provision for inspection of corporate documents. Subdivision (f) of each section is identical, reserving to the court the right to authorize inspection (see *Matter of Ochs* v. *Washington Hgts. Fed. Sav. & Loan Assn.*, 17 N Y 2d 82; *Sivin* v. *Schwartz*, 22 A D 2d 822; and *Matter of Black* v. *Thermasol Ltd.*, 21 A D 2d 645) by one entitled thereto on common-law principles (see *Matter of Steinway*, 159 N. Y. 250, 265). Thus, the court could grant such right to a pledgee of stock (*Matter of Carthage Paper Makers* v. *Mutual Box Board Co.*, 2 A D 2d 175); to a holder of a voting trust certificate (*Matter of Baczkowska* v. *2166 Operating Corp.*, 279 App. Div. 775, affd. 304 N. Y. 811); an executor of a deceased stockholder (*Matter of Hastings*, 128 App. Div. 516, affd. 194 N. Y. 546) and, of course, to the corporation's directors (*Cohen* v. *Cocoline Prods.*, 309 N. Y. 119). There appears to be, however, no authority for granting such right to persons who have no beneficial interest in the corporation and who are not officers or directors thereof.

Subdivision (c) of section 601 of the Not-For-Profit Corporation Law specifies four tests for determining membership in such a corporation. It is clear that petitioner is not included within any of the first three of such tests. The fourth provision is, " such method * * * as is prescribed by the certificate of incorporation or the by-laws ". As above noted, appellant's by-laws provide that its membership is " open to all who are serving as managers of the Mohawk Valley General Hospital ". Since petitioner admittedly is not such a manager, there is no basis for considering him a member of the appellant corporation entitled to inspect its books under section 621 of the Not-

For-Profit Corporation Law or by virtue of a common-law right.

Neither does section 114 of the Not-For-Profit Corporation Law help petitioner. Under that section a petition is required of a member or creditor of the corporation to justify an order of inspection. That section was derived from section 26 of the former Membership Corporations Law, under which it was held that a person not a member or creditor of the corporation had no standing to investigate alleged *ultra vires* acts of the corporation (*Strongwell, Inc.* v. *Mungin*, 67 Misc 2d 731).

Petitioner further contends that appellant is really a subsidiary of the Mohawk Valley General Hospital whose books and minutes are public records under section 51 of the General Municipal Law. As noted above, however, the Mohawk Valley General Hospital was established under section 126 of the General Municipal Law, and under subdivision 7 of section 128 and section 133 its books and operations are open to its governing board and duly authorized representatives of the State Board of Charities and other State departments. Petitioner, as a private citizen, is not entitled to inspect them (see *Matter of New York Post Corp.* v. *Moses,* 10 N Y 2d 199).

In its wisdom, the Legislature has spelled out the nature and manner of inspection which may be made of the records of the hospital and of appellant. Interested citizens, of course, may act through the duly elected and appointed officials and public bodies which are invested with the powers and responsibilities to observe the conduct of these corporations. Since petitioner has no direct right of inspection of appellant's records, the order granting him such right should be reversed and the petition dismissed.

MOULE, CARDAMONE, SIMONS and DEL VECCHIO, JJ., concur.

Order, entered September 4, 1973, unanimously reversed with costs and motion denied.

Order, entered October 2, 1973, unanimously reversed, motion granted and petition dismissed.