Brad T. BRAME, Pamela Brame and Luther Brame, Plaintiffs,

Louis J. Lefkowitz, Attorney General of the State of New York, Plaintiff-Intervenor,

v.

RAY BILLS FINANCE CORPORATION, Defendant.

No. 75–CV–577.

United States District Court, N. D. New York.

April 8, 1977.

Onondaga Neighborhood Legal Services, Inc., Syracuse, N.Y., for plaintiffs; James M. Baker, Syracuse, N.Y. of counsel.

Roger Scott, Camillus, N.Y., for defendant.

## MEMORANDUM–DECISION AND ORDER

MUNSON, District Judge.

This action is brought under the Federal Truth In Lending Act and the New York State Banking Law. The plaintiffs, who are represented by Onondaga Neighborhood Legal Services, Inc. (ONLS), seek to maintain this suit as a class action.

Presently before the Court is a motion made by the defendant pursuant to Rule 37(a), Fed.R.Civ.P., to compel the answer to certain interrogatories. The interrogatories which are the subject of this motion are designed to obtain information on two matters: (1) whether there are any limitations on the types of legal services which ONLS can provide, and (2) whether the named plaintiffs are financially eligible for free legal services. It appears that the interrogatories in the former group are primarily designed to ascertain the criteria used by ONLS in deciding whether to represent particular clients.

Defendant argues that it needs this information to oppose plaintiffs' motion for class certification and contends that this information is relevant to a determination as to whether the representative parties will fairly and adequately protect the interests of the class as is required by Rule 23(a)(4), Fed.R.Civ.P. Plaintiffs argue that the information sought is irrelevant to a proper determination of their motion for class certification and further claim that the questions concerning the financial eligibility of the named plaintiffs for free legal services seek information protected from disclosure by the attorney-client privilege.

Plaintiffs and their attorneys should be compelled to answer the interrogatories only if the information sought comes within the proper scope of discovery as set forth in Rule 26(b)(1), Fed.R.Civ.P. This rule provides in part: "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . ."

A number of courts have indicated that the decision of a legal services organization to represent a particular individual is not a proper matter to be reviewed by the courts. *Jacobs v. Board of School Commissioners,* 349 F.Supp. 605 (S.D.Ind.1972), *aff'd,* 490 F.2d 601 (7th Cir. 1973), *vacated as moot,* 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975); *Ingram v. Justice Court,* 69 Cal.2d 832, 73 Cal.Rptr. 410, 447 P.2d 650 (1968); *Chao v. Chin,* 47 A.D.2d 941, 369 N.Y.S.2d 1017 (2d Dep't 1975); *Legal Aid Society of Nassau County v. Samenga,* 39 A.D.2d 912, 333 N.Y.S.2d 51 (2d Dep't 1972); *Strongwell, Inc. v. Mungin,* 67 Misc.2d 731, 325 N.Y.S.2d 252 (S.Ct.N.Y.Co.1971).

Since the cases cited above (with the exception of *Jacobs v. Board of School Commissioners*) did not involve class actions brought or intended, the question arises as to whether, in the case before this Court, a different result should be reached.

One of the findings that must be made by the Court before a class action can be certified is that the representative parties will fairly and adequately protect the interest of the class. Rule 23(a)(4), Fed.R.Civ.P. The necessary adequacy of representation depends upon the existence of two factors: (1) the representative parties must not have conflicting interests with the unnamed class members, and (2) the attorney representing the class must be qualified, experienced, and generally able to conduct the litigation. *Sosna v. Iowa,* 419 U.S. 393, 417, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975); *Wetzel v. Liberty Mutual Insurance Co.,* 508 F.2d 239, 247 (3d Cir.), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975); *Eisen v. Carlisle & Jacquelin,* 391 F.2d 555, 562 (2d Cir. 1968); *Watson v. Branch County Bank,* 380 F.Supp. 945, 955 (W.D.Mich.1974); *Wallace v. McDonald,* 369 F.Supp. 180, 188 (E.D.N.Y.1973). The information being sought by defendant is clearly not relevant to the first factor. If the interrogatories were to reveal that the named plaintiffs are not eligible for free legal services, this would not indicate the existence of any conflicting interests between the named plaintiffs and the unnamed class members.

It requires more detailed consideration to determine whether the information being sought is relevant to the second factor. Some courts have held that it is appropriate to consider whether the class attorney is ethically as well as intellectually competent to represent the class. *Sayre v. Abraham Lincoln Federal Savings & Loan Association*, 65 F.R.D. 379 (E.D.Pa.1974); *P. D. Q. Inc. of Miami v. Nissan Motor Corporation*, 61 F.R.D. 372 (S.D.Fla.1973); *Stavrides v. Mellon National Bank & Trust Co.*, 60 F.R.D. 634 (W.D.Pa.1973); *Carlisle v. LTV Electrosystems, Inc.*, 54 F.R.D. 237 (N.D.Tex.1972); *Korn v. Franchard Corporation*, CCH Fed.Sec.L.Rep. ¶ 92, 845 (S.D.N.Y.1970), *rev'd on other grounds*, 456 F.2d 1206 (2d Cir. 1972). In particular, these courts have indicated that an attorney who was guilty of maintenance or solicitation in violation of the Code of Professional Responsibility should be disqualified from representing a class. Other courts have said that such matters were not relevant or that only gross misconduct should disqualify an attorney. *Sanderson v. Winner*, 507 F.2d 477 (10th Cir. 1974), *cert. denied*, 421 U.S. 914, 95 S.Ct. 1573, 43 L.Ed.2d 780 (1975); *Halverson v. Convenient Food Mart, Inc.*, 458 F.2d 927 (7th Cir. 1972); *Giordani v. Hoffmann*, 278 F.Supp. 886 (E.D.Pa.1968).

It will be assumed for purposes of deciding this motion that it is appropriate to consider whether the attorneys who have expressed a desire to represent the class are ethically competent. The type of irregularities which defendant seeks to discover by the interrogatories in question would not disqualify plaintiffs' counsel if such irregularities were found to exist. It is not a violation of the Code of Professional Responsibility for an attorney to provide legal services free of charge to one who is able to pay for such services, provided that in so doing he is not prompted by improper motives. ABA Committee on Ethics and Professional Responsibility, Formal Opinion 259 (1943); Informal Opinion 1339 (1975). Likewise, if ONLS violated its guidelines in some other way in deciding whether to represent the plaintiffs in this case, this is not the type of irregularity that is covered by the Code of Professional Responsibility. Therefore, the information being sought by defendant is not pertinent to the class certification motion.

In addition, the information received by ONLS concerning their clients' financial eligibility is protected from disclosure by the attorney-client privilege. ABA Committee on Ethics and Professional Responsibility, Informal Opinion 1137 (1970). Hence, it would be improper to compel the disclosure of this information, absent the clients' waiver of the privilege.

There is one other argument raised by defendant's Supplemental Memorandum of Law that should be considered. Defendant argues that the refusal by plaintiffs and their attorneys to answer those interrogatories which seek to ascertain the policies and guidelines of ONLS governing representation of clients is a violation of recently published regulations applicable to recipients of funds from the Legal Services Corporation. Such recipients are required to adopt a procedure for affording the public appropriate access to the Legal Services Corporation Act, corporation rules, regulations and guidelines as well as to the recipient's written policies, procedures, and guidelines. § 1619.2, 42 Fed.Reg. 4848 (January 26, 1977). Plaintiffs argue that a reading of § 1619 in its entirety, along with the official comments, indicates that this provision is not available for use by opposing parties as a means of discovery or for use by persons seeking to prove violations of the act or corporation regulations.

The exemptions in § 1619.4 were drafted with the objectives mentioned by plaintiffs in mind. While a litigant should have the same right of access to information as is made available to the general public under § 1619.2, the types of information which are sought by an opposing party or by one seeking only to prove a violation of the act are exempt from disclosure under the procedures adopted here. The information sought to be discovered in this case by means of the interrogatories objected to is not relevant to this lawsuit, and defendant

is not able to invoke the discovery processes of this Court to obtain such information by such means at this time in this case.

If the defendant has a genuine interest in learning about the guidelines of ONLS, it should request to see whatever information is made available to the general public under § 1619.2. If ONLS refuses to provide this information, defendant can report this to the appropriate State Advisory Council which has the responsibility of notifying the Legal Services Corporation, ONLS's parent corporation, of apparent violations of the Legal Services Corporation Act. 42 U.S.C. § 2996c(f). The Legal Services Corporation has the authority to insure compliance with the act and applicable regulations, and after a hearing, it can terminate financial support to a legal services program which violates the act or regulations. 42 U.S.C. §§ 2996e(b)(1), 2996j. It is not appropriate to consider possible violations of the Legal Services Corporation Act and regulations in the context of this motion.

Accordingly, defendant's motion to compel plaintiffs and their attorneys to answer interrogatories is denied.

So ordered.