Edell PLUMMER et al., Plaintiffs,

v.

CHICAGO JOURNEYMAN PLUMBERS' LOCAL UNION NO. 130, U. A., et al., Defendants.

No. 77 C 1726.

United States District Court, N. D. Illinois, E. D.

Dec. 19, 1977.

Judson H. Miner, Charles J. Barnhill, Jr., George F. Galland, Jr., Davis, Miner & Barnhill, Chicago, Ill., for plaintiffs.

Lawrence D. Ehrlich, Jerry Kronenberg, Julian D. Schreiber, Thomas Canafax, Jr., Borovsky, Smetana, Ehrlich & Kronenberg, Chicago, Ill., for defendant Local # 130.

William D. Snapp, Douglas C. Nohlgren, Howard R. Barron, Jenner & Block, Chicago, Ill., for defendant Plumbing Contractors Assn.

James R. Gannon, Leonard S. Goslawski, Lewis, Overbeck & Furman, Chicago, Ill., for defendant The Joint Apprenticeship Committee.

Marvin Gittler, Asher, Greenfield, Goodstein, Pavalon & Segal, Ltd., Chicago, Ill., for defendant The International.

## MEMORANDUM AND ORDER

ROBSON, Senior District Judge.

This cause is before the court on plaintiffs' motion to permit discovery on the merits and to compel defendants to answer certain interrogatories and produce certain documents. For the reasons hereinafter stated, the motion will be granted in part and denied in part.

This action is brought under the Civil Rights Act of 1870, 42 U.S.C. § 1981, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The jurisdiction of this court is invoked pursuant to 42 U.S.C. § 2000e–5(f) and 28 U.S.C. §§ 1343, 2201 and 2202. The case involves a suit for relief from alleged discriminatory employment practices which preclude blacks and Hispanics from access to employment in the plumbing industry.

Pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, plaintiffs have sued on behalf of themselves and all other persons similarly situated. They seek to represent a class consisting of "all Negroes and Hispanics who have been denied training and employment in the plumbing industry because of their race or national origin." Complaint at ¶ 4. The named defendants are Chicago Journeyman Plumbers' Local Union No. 130, U.A. [hereinafter Local 130], Plumbing Contractors Association of Chicago and Cook County [hereinafter PCA], the Joint Apprenticeship Committee, Local No. 130, U.A. [hereinafter JAC], and United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry in the United States and Canada [hereinafter International].

### DISCOVERY ON THE MERITS

In July of 1977, the defendants attempted to stay discovery on the merits and limit discovery to material relevant to class certification. Plaintiffs opposed the motion. The court resolved the matter by instruct-

ing the parties to focus on the class action issues and to avoid unnecessary duplication. It explicated that any witness deposed on class issues could be interrogated on matters going to the merits so that he need not suffer the inconvenience of being recalled.[1] (Transcript of proceedings, July 22, 1977). On November 11, 1977, the court reaffirmed its position that discovery should be limited to those matters which are relevant to whether a class exists, save the exception of deponents previously noted.

Plaintiffs have moved for an order permitting discovery to proceed on the merits. They argue that the policy considerations for limiting discovery to class issues are inapplicable in this type of action. They contend that in civil rights litigation such as this, the class determination will not significantly affect the scope of discovery on the merits since the lawsuit will proceed regardless of certification. Asserting that there will be an overlap of evidence on the class issues and the merits, plaintiffs submit that discovery will proceed more smoothly and expeditiously if it can also proceed on the merits.

PCA and Local 130 argue that staying discovery on the merits pending resolution of the class issues is the prevailing and proper procedure in cases such as this.[2] They submit that having chosen to file a class action plaintiffs must abide by the procedural rules appropriate to class actions.

█ The court agrees with defendants. The bifurcated approach to discovery is the proper and most efficient way to administer this class action. *The Manual for Complex Litigation,* Section 1.40, "Necessity for Early Determination of Class Action Questions," (1977) strongly recommends bifurcation:

An expedited separate schedule for discovery should be established if it appears that discovery will be required to provide a basis for determination. It is recom-

mended that no discovery on the merits be permitted during the discovery of the class action issue, except as is relevant to the class action determination. Only in exceptional circumstances, such as obvious lack of merit in the claim for relief, should a decision on the merits be made before scheduling discovery on the class action issue.

*See also Dickerson v. United States Steel Corp.,* 18 F.R.Serv.2d 554, 555 (E.D.Pa.1974) (defendant in a class action, racial employment discrimination case need only answer those interrogatories addressed to the class action which are relevant and not unduly burdensome).

Plaintiffs' argument that the discovery will be usable whether or not a class is certified is unpersuasive. Many lawsuits might proceed regardless of whether a class is certified. To hold that discovery can proceed on the merits irrespective of whether a class is certified would swallow-up the well-established and sound recommendations of the *Manual for Complex Litigation* [hereinafter the *Manual* ]. Section 1.70 of the *Manual* provides for discovery on the merits in certain emergencies and to permit narrowing of the issues. Nonetheless, there is neither an emergency nor a need to narrow the issues here, nor have plaintiffs argued as much. In addition, Section 1.70 does not recommend the kind of liberal discovery on the merits which plaintiffs propose. Finally, strong policy considerations warrant bifurcated discovery. As stated in the *Manual,* Section 1.40, "chief among them is the command of Rule 23 that the class determination should be made as early as practicable. Discovery on the merits should not be allowed to slow discovery on the class action issue." Accordingly, plaintiffs' motion to permit discovery on the merits is denied.

### INTERROGATORIES AND DOCUMENTS

Should the court decline to expand discovery, plaintiffs further submit that the

---

1. The court also instructed the parties to attempt to resolve their differences and granted defendants time to answer or object to outstanding discovery requests.

2. Although plaintiffs' motion is not directed to JAC, JAC agrees with PCA that expanded discovery should not be permitted until the class issues have been resolved.

information now sought is relevant to the class determination. They therefore seek an order compelling defendants PCA and Local 130 to answer certain interrogatories and produce certain requested documents.

PCA argues that it should not be required to answer the interrogatories addressed to them—6(c), 11, 12, and 13—since they do not relate to the question whether a class action exists. PCA further argues that plaintiffs' motion to expand discovery to permit inquiry on the merits implicitly concedes that plaintiffs' interrogatories are not limited to the class determination.

Local 130 states that (a) it has provided or has agreed to provide plaintiffs with answers to interrogatories which concern the class determination, (b) plaintiffs have waived answers to certain interrogatories, per a letter of plaintiffs' counsel, and (c) the remaining interrogatories do not pertain to the class action determination.

■■■ The starting point in the analysis of any discovery dispute is Rule 26(b), F.R. Civ.P., which defines the scope of discovery. The rule provides in relevant part that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery." Plaintiffs have propounded interrogatories allegedly to elicit information about the propriety of this suit proceeding as a class action. Clearly, the question whether the plaintiffs should be permitted to proceed as a class is relevant to the

subject matter of this litigation and thus a proper subject of discovery.[3] *Stavrides v. Mellon National Bank & Trust Company,* 60 F.R.D. 634 (W.D.Pa.1973).

■■■ Contrary to PCA's suggestion, plaintiffs' motion to expand discovery to permit inquiry on the merits does not necessarily mean that plaintiffs' interrogatories fail to relate to the class action issues.[4] The interrogatories are proper so long as they request information relevant to the class action issues. That is, they must seek Rule 23(a) information, information relevant to determining whether (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. It should be noted that it is not necessary that the interrogatories relate solely to the class action determination. The mere fact that some of the interrogatories may be relevant to the merits of the case does not mean they should remain unanswered, so long as they relate to the class issues or are reasonably calculated to lead to the discovery of information relevant to the class issues. With these guidelines in mind, the court will not examine the interrogatories at issue.

### Interrogatories Addressed to PCA

■■■ Interrogatory No. 6(c) reads as follows:

3. While suits involving racial discrimination lend themselves generally to class treatment, plaintiffs are not exempted from satisfying the prerequisites of Rule 23. *Doctor v. Seaboard Coast Line R. Co.,* 540 F.2d 699, 706 (4th Cir. 1976). As proponents of the class, plaintiffs have the burden of proving that the requirements of Rule 23 are satisfied. *See, e. g., Ott v. Speedwriting Publishing Co.,* 64 F.R.D. 13 (E.D. Tenn.1974), *aff'd,* 518 F.2d 1143 (6th Cir. 1975). In determining whether the burden has been met, this court may look to the pleadings, however, " '[t]he determination usually should be predicated on more information than the complaint itself affords.' . . . The court may, and often does, permit discovery relating to issues involved in maintainability" of the class action. *Huff v. N. D. Cass Co.,* 485 F.2d 710,

713 (5th Cir. 1973) (en banc). *See also Doctor v. Seaboard Coast Line R. Co., supra* at 707. Such discovery is permitted because the class action determination must be made by the court "in a practical and realistic way based on an informed understanding of what is actually involved in the litigation." *Gneiting v. Taggars,* 62 F.R.D. 405, 406 (D.Idaho 1973). The information obtained through discovery, therefore, is not only important to the plaintiffs but also to the court.

4. On the contrary, plaintiffs suggest that they have filed the motion to expand discovery to obviate time consuming discovery disputes about whether information sought is relevant to the class action determination.

Identify by proper name, date of adoption and period of effect the following items, including all amendments or modifications thereof, which were in effect during any part of the period from January 1, 1960 to date:

(c) All rules, regulations and procedures of the Association, including, but not limited to, all rules, regulations and procedures relating to membership in the Association.

This interrogatory is overbroad. At this stage of the proceedings, plaintiffs are not entitled to information concerning all rules, regulations, and procedures of the Association. They are entitled, however, to information concerning those rules, regulations, and procedures which relate to membership in the Association. Such information may well have a bearing on the common question and typicality requirements of Rule 23.

■ Interrogatory No. 11 reads as follows:

Identify all efforts undertaken by the Association to recruit or solicit applicants for either apprenticeship and training programs participated in by the Association or any representative of the Association or for journeyman membership in Local 130, from January 1, 1960 to date and as to each effort indicate:

(a) State the full extent of the recruitment effort including use of media, advertisements, brochures, pamphlets, etc.;

(b) The names of all individuals involved in or responsible for the recruitment effort; and

(c) The names of all minority persons contacted.

This interrogatory requests the identification of recruitment efforts and methods. Parts (a) and (b) clearly do not relate to the class action issues. Part (c), which requests the names of all minority persons contacted, is relevant to the class action issues. The answer to it may help determine whether the numerosity requirement of Rule 23 has been met, and it may also help to identify potential class members.

■ Interrogatory No. 12 reads as follows:

Identify all employment documents or records maintained by the Association or by its members, including, but not limited to, records maintained by plumbing contractors for Plumbers Health and Welfare Funds, Plumbers' Pension Fund or similar type funds or programs and as to each category of documents or records (e. g., Pension Fund records) state further:

(a) Dates these records were maintained;

(b) All categories of information contained on each category of records; and

(c) Identify each person or persons with custody of such documents or records.

This interrogatory asks PCA to identify all employment records, including pension fund records, they maintain. While some of the information sought relates to the merits of the action, the interrogatory is nevertheless relevant to the numerosity requirement of Rule 23 and may help identify potential class members. As plaintiffs note, it will assist in the identification of minority plumbers and may held identify class members who have become plumbers but who have not been able to work as regularly as their Caucasian counterparts.

■ Interrogatory No. 13 reads as follows:

Identify by date, sender and recipient, and subject matter, each written communication between the International or Local Union and any other person or entity which communication relates in any way, to the racial or ethnic composition of the membership or applicants for membership in Local 130 or in the plumbers apprenticeship program or to the racial or ethnic discrimination by the Local in connection with admitting applicants for membership or work referrals which communication was sent or received at any time from January 1, 1960 to date.

This interrogatory asks for information regarding communications relating to racial or ethnic discrimination. Such information

may well be relevant to the merits of the case, however, it is also relevant to the numerosity, common question, and typicality requirements of Rule 23. The information may assist in identifying the types of exclusionary practices which may have existed and minority persons who may have been victimized by them.

PCA should therefore answer the interrogatories as specified herein.

*Interrogatories Addressed to Local 130*

In their motion, plaintiffs have divided the interrogatories they seek answered from Local 130 into three general categories. They are as follows:

*Group I (Interrogatory Nos. 1–9)*

These interrogatories concern general background information such as the names of officers of the Union; all Union constitutions and bylaws; identification of the various branches of the Union and requirements for entry into each branch; the methods for applying for various classes of membership and the general procedures for obtaining journeyman plumber's status.

*Group II (Interrogatory Nos. 10–15, 21–24)*

These interrogatories request information concerning the identification of persons who have applied for membership in defendant Local 130 and for journeymen status; the identification of persons admitted to the Union and/or who became journeymen; and the identification of persons who have sought to take advantage of defendants' referral procedures; the identification of persons who were invited or recruited by the Union to become members or journeymen; and iden-

tification of persons who became journeymen or members of Local 130 as a result of a preference such as nepotism rules.

*Group III (Interrogatory Nos. 16, 17, 25–28, 30–24)*

These interrogatories request general information about testing of applicants, size of the Union and recruitment programs including involvement in various Chicago Plans.

Plaintiffs note that Local 130 has agreed to answer Group I, (Interrogatory Nos. 1–9). Moreover, Local 130 correctly notes that plaintiffs have waived answers to Interrogatory Nos. 13, 16, 17, 28, and 34. Consequently, the court need only pass on the remaining interrogatories in Groups II and III, namely Interrogatory Nos. 10, 11, 12, 14, 15, 21, 22, 23, 24, 25, 26, 27, 30, 31, 32, and 33. Local 130 baldly asserts that these remaining interrogatories relate to the merits of the case and do not pertain to the class action determination. Plaintiffs argue that the interrogatories are relevant to the class action determination.[5]

■ The court has examined the interrogatories at issue and concludes that virtually all of them are relevant to the class action determination. It finds that Interrogatory Nos. 10, 11, 12, 14, 15, 21, 22, 23, 24, 25, 27(c), 30, 31, 32, and 33 are relevant and that they should be answered.[6] The information sought by these interrogatories will clearly assist the parties and the court in determining whether this lawsuit should proceed as a class action. As noted previously, the mere fact that some of the interrogatories may yield information which is relevant to the merits of the case does not obviate the need to have them answered.

---

**5.** On December 13, 1977, well after the close of the briefing schedule, the court received a letter from Local 130's counsel, Mr. Kronenberg. In it he stated that he wanted to correct any misimpression that the court might have about Local 130's readiness to comply with requests for data, as well as to confirm an agreement between Local 130 and plaintiffs' counsel, Mr. Miner, to provide such data. Mr. Kronenberg also stated Local 130's continuing intention to comply with those portions of Mr. Miner's interrogatories which relate, even broadly con-

strued, to class issues. To this end, Local 130 has agreed to provide answers to all or part of approximately twenty of the approximately 30 interrogatories to which Mr. Miner now seeks responses. Notwithstanding Local 130's agreement to answer many of the interrogatories, the court must still rule. It does not know which interrogatories Local 130 is going to answer.

**6.** Local 130 has already partially answered Interrogatory Nos. 21 and 22.

**406**

With respect to Interrogatory Nos. 26 and 27(a) and (b), the court finds them irrelevant to the class action issues. They seek the same kind of information plaintiffs have sought from PCA in Interrogatory No. 11(a) and (b). Accordingly, Local 130 need not answer Interrogatory Nos. 26 and 27(a) and (b).

*DOCUMENTS*

In the title of their motion and briefly in their supporting memoranda, plaintiffs indicate that defendants have failed to produce certain requested documents. An examination of the exhibits attached to plaintiffs' motion reveals that they filed two document requests with Local 130. They are as follows:

*Request to Produce Documents Number 1*

All EEO reports filed with the Equal Employment Opportunity Commission since January 1, 1965.

*Request to Produce Documents Number 2*

All documents sent to the U. S. Department of Apprenticeship and Training since January 1, 1965 which concern or relate to any Plumbers' Apprenticeship Program in which Defendant Local 130 participated.

Local 130 has objected to these requests on the ground that they do not "seek to obtain material relevant to the issue of whether or not there is a class action." In addition, Local 130 states that it does not have possession, custody, or control of the material to be produced in Request to Produce Documents Number 2.

In sharp contrast to the interrogatories, plaintiffs have not stated any reasons or made any showing why Local 130 should be ordered to produce documents to which it has objected. Although the "good cause" requirement has been eliminated from Rule 34, plaintiffs, as the moving parties, must still "show facts to indicate that the objection[s] [are] not well taken." 4A Moore's Federal Practice, ¶ 34.08 at 34–59. In light of plaintiffs' failure, their motion, insofar as it seeks to compel the production of requested documents, must be denied.

For the reasons stated, it is therefore ordered that plaintiffs' motion to permit discovery on the merits and to compel defendants to answer certain interrogatories and produce certain documents shall be, and the same is hereby, granted in part and denied in part.